**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4589
_____

MEI MEI LIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073 575 835)
Immigration Judge:  Honorable Donald V. Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 20, 2012

Before:  AMBRO, ALDISERT and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 26, 2012)
_____

OPINION
_____

PER CURIAM

        Mei Mei Lin, a native and citizen of China, petitions for review of an order of the

Board of Immigration Appeals ("BIA" or "Board"), which denied her motion to reopen

removal proceedings.  We will deny the petition for review.

Lin entered the United States illegally in 1994. She applied for asylum and related relief, pursuing a claim that she had been subject to a forced abortion. The Immigration Judge found her incredible, found that her application was frivolous, and denied relief. The BIA affirmed on December 10, 2002. In January 2003, Lin filed a motion to reopen, asking that proceedings be reopened because she was pregnant with a second U.S.-citizen child. In a decision dated July 15, 2003, the BIA denied the motion, finding that the submitted documentation was "insufficient to establish that a Chinese national becomes subject to punitive birth control measures such as coerced sterilization if returning with children born outside of China."

Lin filed a second motion to reopen on May 16, 2011, stating that she would be persecuted if she returned to China because she now practices Falun Gong. Lin argued that her motion was not subject to numerical and time limits because it was based on changed country conditions. With her motion, Lin included a new asylum application, her affidavit, a marriage certificate, birth certificates for her children, photographs purporting to show her practicing Falun Gong, a letter from her mother, a Resident Committee notice, a 2007 asylum profile report from the State Department, and various media reports from 2011 concerning the failed "Jasmine Revolution." The BIA found that: (1) her affidavit was speculative and not based on personal knowledge; (2) the letter from her mother was unsworn, speculative, and did not establish that the treatment Lin would face in China would amount to persecution; and (3) the notice from Changle City Ying Qian Jie Dao Ying Qian Community Resident Committee was unauthenticated and

2

did not specify how Lin would be treated if she failed to comply with its summons.[1] The BIA found that her evidence was not sufficient to show that treatment of Falun Gong practitioners in China had materially changed, nor that the Chinese government had or would become aware of her Falun Gong practice and specifically target her for persecution. The BIA also declined to exercise its sua sponte authority to reopen as Lin's situation was not "exceptional." Lin filed a timely, counseled petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). We review the BIA's denial of a motion to reopen for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Under this deferential standard of review, we will not disturb the Board's decision unless it is arbitrary, irrational, or contrary to the law. Id.

Because Lin's motion to reopen was a second motion and was not filed within the required 90 days, it had to be based on changed country conditions in China with respect to the Chinese government's treatment of Falun Gong practitioners.[2] Although Lin

---

[1] The notice is addressed to Lin's mother, and states that the committee had received "credible information along with some photo evidence that someone in the United States witnessed your daughter Lin, Meimei participated [sic] in evil cult Falun Gong activities in the U.S. . . . ." A.R. 123. The notice orders Lin "to immediately stop participating in all Falun Gong activities against the Chinese government in the U.S., and return to China to accept serious punishment from the government." Id. The notice goes on to indicate that if Lin disobeys "and refuse[s] to voluntarily return to China to accept further punishment, once she was caught in the future, she would be more severely punished and jailed." Id.

[2] "An alien may file one motion to reopen proceedings," and such a motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A),(B). The "motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened," 8 C.F.R. § 1003.2(c)(2), except that the time and number limitations do not apply where the alien

3

submitted evidence that suggested changed circumstances for Falun Gong practitioners since the time of her January 1999 hearing, we agree with the BIA that Lin's evidence is not "sufficient" and "persuasive" enough to establish a prima facie case for reopening. She did not establish that the possible treatment she would face would amount to persecution. Even assuming that the government would notice her Falun Gong activity in China, and even assuming they would decide to follow through with the threat to "punish" her and "jail" her, the evidence does not specify what her punishment would be, nor how long she would be detained. Voci v. Gonzales, 409 F.3d 607, 614 (3d Cir. 2005) (persecution denotes "extreme conduct"). Lin's affidavit was speculative, and the vague references in her mother's affidavit[3] and the village committee's statement regarding potential detention and "severe" punishment were insufficient to show that any penalty imposed on Lin for practicing Falun Gong would rise to the level of persecution. See e.g., Kibinda v. Att'y Gen., 477 F.3d 113, 119-20 (3d Cir. 2007) (maltreatment by prison guards over five-day period did not rise to level of persecution); Dandan v. Ashcroft, 339 F.3d 567, 573-74 (7th Cir. 2003) (single three-day detention, in which applicant was

seeks to "apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," id. at 1003.2(c)(3)(ii). See also 8 U.S.C. § 1229a(c)(7)(C)(ii).

[3] Although Lin characterizes the letter from her mother as an affidavit, it does not appear to have been sworn to before a person authorized to administer oaths. Because we find it unpersuasive even if properly sworn, we need not determine if such a letter would be sufficient to constitute "authentication." See Chen v. Att'y Gen., 676 F.3d 112, 117 (3d Cir. 2011) (Immigration Judge "properly discounted" document that "had not been authenticated by any means at all, such as an affidavit from [the petitioner's] mother as to

4

deprived of food and beaten by police, resulting in swollen face, did not constitute persecution).

For the foregoing reasons, we hold that the BIA did not abuse its discretion in denying Lin's motion to reopen. We will therefore deny the petition for review.

---

how the document was obtained").